UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ROBERT HAYES, | |
| Petitioner, | Civil No. 5: 14-23-JMH |
| v. | |
| WARDEN FRANCISCO QUINTANA, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert Hayes is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Hayes has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] and paid the requisite filing fee. [R. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Hayes's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton*

*v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Hayes alleges that in 1991 he was convicted of reckless homicide by a jury sitting in Jefferson County, Kentucky. Nine years later, Hayes pled guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846; and money laundering in violation of 18 U.S.C. §§ 1956 and 1957. *United States v. Hayes*, No.3:99-CR26-01-S (W.D. Ky. 1999). The district court sentenced Hayes to a cumulative 235-month term of incarceration, based in part upon application of the career offender enhancement found in U.S.S.G. § 4B1.1 in light of, amongst other things, his prior state conviction for reckless homicide. The Sixth Circuit affirmed on direct appeal over Hayes's objections to both the validity of his guilty plea and his sentence. *United States v. Hayes*, 9 F. App'x 365,366 (6th Cir. 2001).

In his petition, Hayes contends that his 1991 Kentucky conviction for reckless homicide was not a proper predicate for application of the career offender enhancement under *Begay v. United States*, 553 U.S. 137 (2008), particularly in light of the

Sixth Circuit's decision in *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012). [R. 1-1, pp. 2-4]

Hayes has made this identical claim twice before, both times without success. In March 2011, Hayes filed a § 2241 petition challenging the enhancement of his sentence under *Begay*. This Court rejected that claim, noting that a challenge to his sentence, as opposed to his conviction, was not cognizable under § 2241 under the circumstances presented, a conclusion the Sixth Circuit affirmed on direct appeal. *Hayes v. Holland*, No. 0:11-CV-33-HRW (E.D. Ky. 2011), *aff'd*, No. 11-5578 (6th Cir. Aug. 7, 2012). Undeterred, Hayes filed a functionally identical petition in July 2013, again asserting a claim for relief under *Begay*, and noting the Sixth Circuit's decision in *Jones* that *Begay* may provide grounds for relief *under Section 2255. Jones*, 689 F.3d at 624. Because Hayes had again sought relief under Section 2241 instead of applying for relief under Section 2255 in the sentencing court, the Court denied his petition as an abuse of the writ. *Hayes v. Sepanek*, No. 0:13-CV-104-HRW (E.D. Ky. 2013). Hayes took no appeal from that decision, but filed his petition in this action three months later raising the same claims.

The Court concludes that the same outcome is warranted here. 28 U.S.C. § 2244(a) bars the successive presentment of the same claims. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991);

*Thunder v. U.S. Parole Com'n.*, 165 F. App'x 666, 668 (10th Cir. 2006); *Moses v. United States*, No. 95-5472, 1996 WL 132157, at *1 (6th Cir. 1996) ("The merits of petitioner's claims previously decided need not be relitigated pursuant to 28 U.S.C. § 2244 where, as here, the ends of justice would not be served."). In addition, a district court may apply the abuse of the writ doctrine to refuse to consider claims which could or should have been asserted in a prior habeas proceeding. *McClesky*, 499 U.S. at 480-84; *Schlup v. Delo*, 513 U.S. 298, 318 n. 34 (1995) ("An 'abusive petition' occurs 'where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitle[s] him to the relief he seeks.'""); *see also Dunne v. Zuercher*, No. 7:10-71-ART (E.D. Ky. 2010), *aff'd*, No. 12-5066 (6th Cir. 2012). Because Hayes's claims have previously been rejected on more than one occasion, the Court declines to reach them on the merits, and will deny his petition as an abuse of the writ.

Accordingly, **IT IS ORDERED** that:

1. Hayes's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. Hayes's "Request for Advancement on the Docket" [R. 4] is **DENIED AS MOOT**.

3.  The Court will enter a judgment contemporaneously with this order.

4.  This matter is **STRICKEN** from the docket.

This the 15th day of May, 2014.

Signed By:
*Joseph M. Hood* /s/
Senior U.S. District Judge